WRITS OF MANDAMUS AND PROHIBITION
Relator seeks to have recalled the order of the district court changing the method of her discovery from written interrogatories to oral depositions in Open Court; to order the district judge to desist from proceeding further with the oral deposition and to compel respondent through his counsel to answer each interrogatory as required by C.C.P. art. 1458.
*1031 Tbe record reflects relator filed 61 interrogatories in connection with the pending partition of community property which were served on respondent on August 10, 1977. Respondent filed a rule on August 19,1977 to show cause why he should not be relieved from answering, contending that the interrogatories were propounded solely to annoy, embarrass, or oppress respondent and cause him undue expense. Relator filed a counter rule to compel respondent to answer interrogatories.
Both rules were set for trial on the same day. Initially the trial judge began considering and passing upon each interrogatory, but quickly abandoned this approach. He then declared he was converting the discovery proceeding from written interrogatories to oral deposition and instructed counsel for relator to propound the interrogatories in Open Court. Relator’s attorney objected, contending that respondent did not have his records available and therefore could not fully answer the interrogatories involving the details of his business operation. The instant writs resulted.
The trial judge, having before him respondent’s motion, on a finding of good cause shown, could make any order necessary to protect the party from annoyance, embarrassment, etc., even to the changing of the method of discovery. C.C.P. art. 1426(3). Clearly he was vested with the authority to convert the discovery method from written interrogatories to an oral deposition in Open Court. However, in exercising this authority he must have due regard for relator’s rights by affording her a reasonable opportunity to effect the service of such subpoenas or other processes as are necessary to insure that the same information would be elicited by the oral deposition as could have been obtained validly by the written interrogatories. In other words, the changing of the method of discovery should not prejudice the method of the individual to obtain the same information to which he would be entitled under the method initially utilized.
ACCORDINGLY, IT IS ORDERED that the Honorable Wallace LeBrun, Judge, Division “I” of the 24th Judicial District Court of the Parish of Jefferson, desist from proceeding further with the oral deposition in Open Court commenced on September 9, 1977 in the matter of Jo Ann Meyers, wife of John Ferro v. John Ferro, No. 189-078 of the docket of said court.
Nothing herein shall deprive the trial judge of his discretion to grant relator a reasonable time within which to execute the service of such process as may be necessary to insure detailed answers to the questions permitted to be propounded, after which time the trial judge may resume the oral depositions in Open Court or alternatively exercise fully the authority vested in him under C.C.P. art. 1426.
To the extent herein set forth the writs are granted and in all other respects the application is denied.
(s) Edward J. Stoulig JUDGE
(s) William V. Red-mann JUDGE
(s) Patrick M. Schott JUDGE